IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Paul Leslie Cox,   #75206, | ) | C/A No.: 3:13-716-TMC-JRM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| Warden Larry Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Paul Leslie Cox ("Petitioner"), a self-represented state prisoner incarcerated at Perry Correctional Institution, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. §636(b) and Local Civil Rule 73.02(B)(2) DSC, the undersigned is authorized to review such petitions and submit findings and recommendations to the District Judge. For the reasons that follow, the undersigned recommends the District Judge dismiss the petition in this case without prejudice.

Under established local procedure in this judicial district, a careful review has been made of this *pro se* petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97 (1976). Such *pro se* documents are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, this *pro se* petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

On August 4, 1987, Petitioner was sentenced to "20 yrs. & ten (10) yrs. Run CS" in the Greenville County Court of General Sessions subsequent to a conviction for the offenses of possession of contraband and assault and battery with intent to kill ("ABWIK"). ECF No. 1, page 1; ECF No. 4. page 1. Petitioner states that, when the jury could not reach a verdict in his case, the judge allowed them to listen to taped recordings of the trial. ECF No. 4 at 5. Thus, Petitioner alleges a claim of "double jeopardy." *Id.* The instant action constitutes the eighth habeas case filed by Petitioner in this court with respect to his 1987 Greenville County convictions.[1] At least two of Petitioner's prior habeas petitions challenging these convictions have been dismissed with prejudice. *See Cox v. Johnson, et al.*, C/A No. 3:98-61-CES (D.S.C. Jan. 9, 1998) (summary judgment granted in favor of the Respondents on September 23, 1998, because the case was not timely filed and Petitioner's grounds for relief were procedurally

---

[1] A court may take judicial notice of its own records. *Mann v. Peoples First Nat'l Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989).

barred); *Cox v. McCabe*, C/A No. 3:11-3113-TMC (D.S.C. Nov. 21, 2011) (dismissed with prejudice on January 10, 2012). Under the AEDPA, "an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals." *In re Vial*, 115 F.3d at 1194; *see also* 28 U.S.C. § 2244(b).

In order for this Court to consider a second or successive § 2254 petition, Petitioner must obtain a Pre-Filing Authorization from the United States Court of Appeals for the Fourth Circuit. *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005) ("[B]efore the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions."); *see also In re: Williams*, 330 F.3d 277 (4th Cir. 2003). Petitioner can obtain the necessary forms from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit. Because Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file the within petition in the district court, this court does not have jurisdiction to consider it.

## Recommendation

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice*. **Petitioner's attention is directed to the important notice on the next page.**

IT IS SO RECOMMENDED.

April 26, 2013                                                           Joseph R. McCrorey
Columbia, South Carolina                                    United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).