IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Paul Leslie Cox,   #75206, ) | |
| ) | C/A No. 3:13-716-TMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden Larry Cartledge, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, Paul Leslie Cox, a state prisoner proceeding *pro se*, filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a Magistrate Judge. On April 29, 2013, Magistrate Judge Joseph R. McCrorey issued a Report and Recommendation ("Report") recommending the Petition be dismissed without prejudice. (ECF No. 8).

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. §

636(b)(1).

Petitioner was advised of his right to file objections to the Report (ECF No. 8 at 4). However, Petitioner filed no objections to the Report.

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

After a thorough review of the Report and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation (ECF No. 8) and incorporates it herein. It is therefore **ORDERED** that the Habeas Petition in the above-captioned case is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

                                                      s/ Timothy M. Cain  
                                                     United States District Judge

Anderson, South Carolina  
May 22, 2013